IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

                    Plaintiffs,

v.

ALEX ENERGY, INC., et al.,

                    Defendants.

CIVIL ACTION NO. 2:12-3412
(Consolidated with 2:13-6870)
Hon. Robert C. Chambers

**MEMORANDUM IN OPPOSITION TO DEFENDANT HIGHLAND MINING COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' ELEVENTH, TWELFTH, AND THIRTEENTH CLAIMS FOR RELIEF**

Defendant Highland Mining Company ("Highland") has moved for partial summary judgment on liability for Plaintiffs' Eleventh, Twelfth, and Thirteenth Claims for Relief. CM/ECF # 157. Because Highland's analysis of the question presented is too narrow and because Highland considers the wrong point in time to measure its state of noncompliance, the Court should deny the motion.

**I.    HIGHLAND'S LIABILITY IS NOT LIMITED TO POST-COMPLAINT VIOLATIONS**

Highland erroneously maintains that "[t]he sole issue remaining in Phase I of this action is whether Highland . . . is liable for post-complaint violations of selenium water quality standards below Outfall 001 and 019 regulated by WV/NPDES Permit WV1016938." Id. at 1 (emphasis added). That formulation of the liability question before the Court is too narrow. As Plaintiffs set out in their memorandum in support of their *Motion for Partial Summary Judgment*

1

*Against Defendant Highland Mining Co. On Liability Regarding Outfalls 001 and 019 Regulated by WV/NPDES Permit WV1016938*, the remaining liability questions related to Highland are not limited to post-complaint violations.  Rather, the outstanding issues in Phase I following the Court's March 31, 2014 Order are (1) whether Highland is liable for violations of the Clean Water Act and Surface Mining Control and Reclamation Act ("SMCRA") that occurred before the Complaint was filed in this action on July 16, 2012 and (2) whether Highland is liable for violations of SMCRA that occurred after the Complaint was filed.

In its March 31, 2014 Order, the Court concluded that, as a result of the December 2012 reissuance of WV/NPDES Permit WV1016938 with a compliance schedule for selenium, "WVDEP has temporarily suspended the requirement that Highland comply with water quality standards . . . ."  CM/ECF # 136 at 36.  But even if that conclusion were correct, it would not limit Highland's period of potential liability to the period between the filing of the complaint and December 6, 2012.  Rather, Highland could be liable for any violations that occurred before December 6, 2012, so long as they were within the relevant statute of limitations period.  Moreover, the reissuance of WV/NPDES Permit WV1016938 had no effect on Highland's independent obligation to comply with SMCRA's prohibitions against water quality standard violations.  Thus, Highland is liable for SMCRA violations that occurred after December 6, 2012.  As part of their response to Highland's pending motion, Plaintiffs incorporate by reference the arguments and exhibits that they submitted in support of their own pending motion.  CM/ECF Nos. 155-1, 155-2, & 156.  In short, because Highland can be held liable for pre-complaint violations under the Clean Water and SMCRA, and for post-December 6, 2012 violations under SMCRA, Highland's focus on post-complaint violations in its pending motion is myopic.

2

## II. HIGHLAND WAS IN ONGOING VIOLATION OF THE CLEAN WATER ACT AND SMCRA AT THE TIME THAT PLAINTIFFS COMMENCED THIS ACTION

To avoid that result, Highland maintains that Plaintiffs cannot prove that Highland is in ongoing violation, as required by the Gwaltney of Smithfield v. Chesapeake Bay Found., Inc. ("Gwaltney III"), 484 U.S. 49 (1987), line of cases. As a threshold matter, Plaintiffs note that the Court has already determined that Plaintiffs can satisfy the Gwaltney III requirements as to Highland. CM/ECF # 136 at 35–36. Plaintiffs further addressed this issue in their memorandum in support of their pending motion against Highland, and incorporate those arguments by reference. CM/ECF # 156 at 6–8.

As Highland acknowledges, a post-complaint violation is not necessary to establish an ongoing violation.[1] Rather, a citizen-plaintiff can prove an ongoing violation either by establishing post-complaint violations or by "adducing evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations." Chesapeake Bay Found., Inc. v. Gwaltney of Smithfield, Ltd. ("Gwaltney VI"), 890 F.2d 690, 693 (4th Cir. 1989) (internal quotation marks omitted). Highland's argument goes awry when it insists that, in order to prove an ongoing violation, Plaintiffs must prove the likelihood of violations "at some distant point in the future." CM/ECF # 157 at 3. But the pertinent point in

---

[1] Plaintiffs acknowledge that the law-of-the-case is that the existing evidence does not establish post-complaint Clean Water Act violations because of the reissuance of WV/NPDES Permit WV1016938 with a selenium compliance schedule. Plaintiffs do not have any additional evidence of violations between July 2012 and December 2012 beyond that already in the record. Plaintiffs, however, respectfully reserve all objections to and rights of appeal of the Court's determination regarding the effect of the reissuance of WV/NPDES Permit WV1016938. Regardless of the effect of the December 2012 reissuance of WV/NPDES Permit WV1016938, however, Highland can still be held liable for post-December 2012 selenium water quality standards violations—such as those established during the July-August 2013 FRCP 34 inspection in this case—under SMCRA, as explained in Plaintiffs' memorandum in support of their pending motion for partial summary judgment.

time for the ongoing violation inquiry is the time of the filing of the complaint. That is, the relevant question in this case is not whether Highland will cause selenium water quality standards violations after December 6, 2015, but rather is whether, <u>at the time the complaint was filed</u>, the evidence showed a continuing likelihood that Highland's pre-complaint selenium problems would continue. In <u>Gwaltney VI</u>, the Fourth Circuit held that the "proper point from which to assess the likelihood of continuing violations is . . . the time of the original suit." 890 F.2d at 693–94. That makes sense because establishing an ongoing violation is a subject-matter jurisdiction issue, <u>id.</u> at 698, and subject matter jurisdiction is assessed at the time the complaint is filed. <u>Chesapeake Bay Found. v. Amer. Recovery Co., Inc.</u>, 769 F.2d 207, 208 (4th Cir. 1985); <u>see also</u> <u>Gwaltney III</u>, 484 U.S. at 69 ("It does not suffice to defeat subject matter-jurisdiction that the success of the attempted remedies becomes clear months or even weeks after the suit is filed." (Scalia, J. concurring)).

      Accordingly, Plaintiffs need not establish a likelihood of continuing violations after the expiration of the compliance schedule. Rather, to establish an ongoing violation, Plaintiffs need only establish that the evidence as of July 2012 would allow a trier of fact to conclude that future intermittent or sporadic violations were likely. As discussed in more detail in Plaintiffs' memorandum in support of their pending summary judgment motion, Highland has a history of permit violations prior to the filing of Plaintiffs' complaint and <u>untreated</u> selenium discharges both prior to and after the filing of Plaintiffs' complaint. Highland did nothing to abate its selenium violations prior to the filing of Plaintiffs' complaint, and it has still not completed construction of its selenium treatment system. Consequently, at the time Plaintiffs commenced this action, Highland was in a state of noncompliance and, hence, in ongoing violation. <u>Gwaltney III</u>, 484 U.S. at 69 (Scalia, J. concurring).

Moreover, even if the pertinent point in time were December 6, 2015, Highland should still be found to be in ongoing violation because of the likelihood that it will cause selenium water quality standards violations after that date. On June 20, 2014, Defendant's consultant provided a progress report to the West Virginia Department of Environmental Protection regarding Highland's efforts under the compliance schedule for the second quarter of 2014. Plaintiffs' Response Ex. 1. In that report, Highland's consultant predicted that Highland would miss every compliance schedule deadline between December 2013 and December 2015, with the sole exception of the final compliance deadline of December 6, 2015. Id. at 2. The progress report provided no explanation, however, of how Highland would meet the final compliance deadline after having failed to comply with every interim deadline. Id. Consequently, a reasonable trier of fact could conclude that Highland's selenium violations will likely recur on at least an intermittent or sporadic basis after December 6, 2015.[2]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Highland's motion for partial summary judgment.

>Respectfully submitted,
>
>**/s/ Derek O. Teaney**
>DEREK O. TEANEY (W. Va. Bar No. 10223)
>Appalachian Mountain Advocates
>P.O. Box 507
>Lewisburg, WV 24901
>Telephone: (304) 793-9007
>Fax: (304) 645-9008
>E-mail: dteaney@appalmad.org
>*Counsel for Plaintiffs*

---

[2] Although Plaintiffs maintain that, based on the record, the Court should grant summary judgment on liability to Plaintiffs and deny Highland's motion, at minimum, the progress report creates a disputed issue of material fact precluding summary judgment in favor of Highland.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**OHIO VALLEY ENVIRONMENTAL**
**COALITION, INC., et al.,**

                    **Plaintiffs,**

**v.**

**ALEX ENERGY, INC., et al.,**

                    **Defendants.**

CIVIL ACTION NO. 2:12-3412
(Consolidated with 2:13-6870)
Hon. Robert C. Chambers

## CERTIFICATE OF SERVICE

      I, Derek O. Teaney, do hereby certify that, on July 22, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Robert G. McLusky
M. Shane Harvey
Aaron Heishman
Jackson Kelly PLLC
1600 Laidley Tower
PO Box 553
Charleston, WV 25322
*Counsel for Defendant*

                  Respectfully submitted,

                  **/s/ Derek O. Teaney**
                  Derek O. Teaney (W. Va. Bar No. 10223)
                  Appalachian Mountain Advocates
                  P.O. Box 507
                  Lewisburg, WV 24901
                  Telephone:  (304) 793-9007
                  Fax:  (304) 645-9008
                  Counsel for Plaintiffs